[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE COUNSEL FEES
The plaintiff was awarded compensatory damages of $125,000.00 by the jury as well as punitive damages for violation of his civil rights in the total amount of $4,000.00 against all three defendant police officers. He is now before the court seeking attorney's fees pursuant to42 U.S.C. § 1988. In its discretion the court may award the prevailing party reasonable attorney's fees as part of the costs.
The fee is to be determined by the hours expended on the litigation multiplied by a reasonable hourly rate. That amount may then be increased or decreased in the discretion of the court, depending upon such considerations as the complexity of the litigation, the difficulty improving the case, and the excellence of the result or lack thereof.
Another factor to be considered is whether a contingent fee arrangement existed and whether the prospects of success were sufficiently bright to attract competent counsel on a contingent fee basis. If so, it has been held that a section 1988 award of counsel fees should be denied.
Later cases have held that the existence of a contingent fee arrangement is a factor to be considered, but it does not preclude an award under section 1988.
In this case the defendants argue that under the "bright prospects" test the award for attorney's fees under section 1988 should be denied because the plaintiff's case was so strong on the merits and so likely to result in a substantial judgment that counsel could be easily and readily obtained. A review of this case quickly discloses that nothing could be further from the truth. The plaintiff had been engaged in an ongoing battle with the police for several months, was arrested and tried his case to a jury before being acquitted. The Court does not find the case to have been one of "bright prospects" by any stretch of the imagination. The Court will therefore award counsel fees under section 1988.
Under the Lodestar adjustment approach, now the prevailing measure for determining 1988 attorney's fees, the CT Page 3934 Court finds:
1. The compensable hours claimed are reasonable:
 Attorney Shasha — Out of Court — 36 hours In Court 76 hours Fee Application 7 hours ___________ Total 119 hours
 Attorney Fabricant 22.05 hours Attorney Stewart 60 hours Attorney Ward 4 hours
 2. Hourly Fees: The Court finds the hourly fees listed below are reasonable:
 Attorney Shasha — Out of Court — $150.00 In Court $200.00 Fee Application $125.00 Attorney Fabricant $125.00 Attorney Stewart $100.00 Attorney Ward $125.00
3. The Court finds there should be no downward adjustment of the fees in this case.
4. There should be an upward adjustment of the fee if the court finds that there was exceptional quality of representation and/or an excellent result.
The Court finds that the plaintiff's case was one of such great difficulty that few attorneys would be willing to accept it. The plaintiff had been depicted in several newspaper articles as a contentious person, always having battles with the police. Although there were a few eyewitnesses to the incident, they were too far away to be of any great assistance to the plaintiff, so that the case was dependent upon the testimony of the plaintiff prevailing against the testimony of three police officers.
The plaintiff's counsel was able to persuade the jury to award damages of more than double the offer in the case and to find that the plaintiff was entitled to punitive damages, over and above the compensatory damages.
The Court is firmly convinced that the representation of counsel was of exceptional quality and that the result was excellent. CT Page 3935
The case of Wheatly v. Ford, 679 F.2d 1037 (2d Cir., 1982) stands for the proposition that the section 1988 award should be made without factoring in the contingent fee agreement, but the award reduces the contingent fee obligation of the plaintiff to his attorney.
The attorney is not entitled to a windfall, but neither is the defendant. A windfall would result to the defendants if they were relieved of liability for a section 1988 fee award because the plaintiff retained counsel on a contingent fee arrangement.
Under cases cited by counsel the rule is that the existence of a contingent fee agreement affects neither the right to a statutory award, nor the amount thereof.
Accordingly, counsel fees are awarded to Attorney Shasha in the amount of $21,475.00; to Attorney Fabricant in the amount of $2,756.25; to Attorney Stewart in the amount of $6,000.00; and to Attorney Ward in the amount of $500.00. Total attorney's fees based on the allowable hours and hourly charges therefore total $30,731.25.
Because of the Court's finding that the case was difficult to prove and the issues were complex, the representation of counsel was of exceptional quality and the result was excellent, the Court hereby awards an additional counsel fee of $5,000.00 over and above the fees based upon the hourly charges.
Total legal fees under section 1988 are therefore awarded in the amount of $35,731.25.
HURLEY, J.